UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELICA MARIA QUINTANA ZAPATA, et al.,

                    Petitioner(s),

        v.

JULIO HERNANDEZ, et al.,

                    Respondent(s).

CASE NO. C26-1214-KKE

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Mirna Yesenia Alvarado Benitez is a citizen of El Salvador who entered the United States in July 2024. Dkt. No. 20 ¶¶ 6–7. She was briefly detained shortly after crossing the United States border, and then released with conditions. *Id*. ¶¶ 8–9. On March 5, 2026, she appeared for a check-in appointment with U.S. Immigration and Customs Enforcement ("ICE"), at which point the Government placed Petitioner in expedited removal proceedings and detained her. Dkt. No. 27-1 at 4. On April 10, 2026, Petitioner was notified that U.S. Citizenship and Immigration Services ("USCIS") found that she had not established a reasonable probability of persecution or torture if she were removed to El Salvador, and this finding was affirmed by an immigration judge on April 15, 2026. Dkt. Nos. 27-3, 27-4. On April 15, 2026, USCIS notified Petitioner of "imminent removal" in April 2026. Dkt. No. 27-5.

Petitioner and filed a petition for writ of habeas corpus on April 9, 2026. Dkt. No. 1. On April 17, 2026, Petitioner filed a motion for temporary restraining order ("TRO"), seeking to

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

prevent the Government[1] from removing her while her habeas petition is pending. Dkt. No. 19. The Court provisionally granted the motion to prohibit removal while the TRO motion was pending. Dkt. No. 23. The TRO motion is now fully briefed, and the Court will grant it, for the following reasons.

Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, the Court finds that Petitioner has demonstrated that she is likely to succeed on the merits of her claim that her arrest and re-detention violated her constitutional right to due process. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025). Although the Government contends that Petitioner is subject to an expedited removal order (Dkt. No. 26 at 8) and therefore mandatory detention applies, courts in this circuit have disagreed with this argument under similar circumstances. *See, e.g.*, *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936 (E.D. Cal. 2025) ("The government cannot switch tracks and subject Petitioner to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioner in removal proceedings under section 1229a and released him on his own recognizance under section 1226(a)." (citation modified)); *N.Y.V.D. v. Santacruz*, No. 5:25-cv-03404-WLH-SP, 2025 WL 3786964, at *4 (C.D. Cal. Dec. 23, 2025) (following cases holding that "a noncitizen who is not an arriving noncitizen and who was initially released on his or her own recognizance cannot subsequently be designated for expedited removal"); *Leiva Flores v. Albarran*, No. 25-cv-09302-

[1] This order refers to the federal Respondents—ICE Seattle Field Office Director (Enforcement and Removal Operations), U.S. Department of Homeland Security ("DHS"), DHS Secretary Markwayne Mullin, and Acting Attorney General of the United States Todd Blanche—collectively as "the Government."

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

AMO, 2025 WL 3228306, at *4 (N.D. Cal. Nov. 19, 2025).  With this authority in mind, the Court finds that Petitioner is likely to succeed on the merits of her habeas petition.

The Court finds that Petitioner satisfies the second *Winter* factor as well.  The Government has notified her of an intent to remove her from the United States during this month.  *See* Dkt. No. 27-5.  Although the Government argues that imminent removal does not constitute irreparable harm because it is merely "[t]he ordinary and expected consequences of lawful removal" (Dkt. No. 26 at 9), the Court disagrees with the underlying assumption that the Government lawfully applied an expedited removal process to Petitioner.  As stated earlier in this order, there is authority indicating the opposite.

The final two *Winter* factors—the balance of the equities and the public interest—also weigh in Petitioner's favor.  The potential harm an injunction would cause to the Government's ability to administer the immigration system is far outweighed by Petitioner's potential harm without preliminary relief.  Particularly because Petitioner's petition is set to be ripe on its merits on May 6, 2026, this preliminary relief is not expected to be lengthy in duration.

Because Petitioner has shown that she is entitled to a TRO to prevent her transfer or removal from this jurisdiction while her habeas petition is pending, the Court GRANTS her motion (Dkt. No. 19).  The Government is ENJOINED from removing or transferring Petitioner Mirna Yesenia Alvarado Benitez from the Northwest ICE Processing Center until the Court has adjudicated the habeas petition.

Dated this 21st day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 3