UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELICA MARIA QUINTANA ZAPATA, et al.,<br><br>Petitioner(s),<br>v.<br><br>JULIO HERNANDEZ, et al.,<br><br>Respondent(s). | CASE NO. C26-1214-KKE<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

The Court granted Petitioners' petition for writ of habeas corpus, and Petitioners now request fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 48.[1] The Federal Respondents (hereinafter "the Government") oppose the request for fees, arguing that fees are either unavailable in this context or inappropriate the Government's position was substantially justified. Dkt. No. 49. The Court finds that EAJA fees are available in immigration habeas proceedings, and that the Government's underlying action was not substantially justified. Accordingly, the Court will grant Petitioners' motion for fees as requested.

//

//

[1] Petitioners amended their EAJA petition, and the clerk is thus directed to TERMINATE the original motion (Dkt. No. 38) as superseded by the amended petition.

## I. BACKGROUND

Petitioners entered the United States between 2019 and 2024, were thereafter detained by the Government, and then issued notices to appear[2] and released with conditions. *See* Dkt. No. 2 ¶ 5; Dkt. No. 3 ¶¶ 5, 7; Dkt. No. 4 ¶ 7; Dkt. No. 5 ¶¶ 5, 7; Dkt. No. 6 ¶¶ 5, 7, 8; Dkt. No. 7 ¶ 6; Dkt. No. 8 ¶ 6; Dkt. No. 31-1 at 2–3; Dkt. No. 31-2 at 3–4; Dkt. No. 31-3 at 2–3; Dkt. No. 31-4 at 3; Dkt. No. 31-8 at 3; Dkt. No. 31-10 at 2; Dkt. No. 31-11 at 3; Dkt. No. 31-14 at 2; Dkt. No. 31-15 at 3; Dkt. No. 31-16 at 2; Dkt. No. 31-17 at 3; Dkt. No. 31-18 at 2; Dkt. No. 31-19 at 3–4. Petitioners enrolled in the Government's Alternatives to Detention ("ATD") program, which required Petitioners to appear periodically for check-ins at an ICE field office, and which they all did in February or March 2026. *Id*. At those check-in appointments, Petitioners were arrested for alleged ATD violations and detained. *Id*.

Petitioners filed a joint habeas petition followed by an amended petition, along with a motion for temporary restraining order ("TRO"). Dkt. Nos. 1, 16, 19. The Court granted the motion for TRO as to one Petitioner, Mirna Yesenia Alvarado Benitez, and enjoined the Government from removing or transferring her from the Northwest ICE Processing Center while the habeas petition was pending. Dkt. No. 28. After considering the briefing on the habeas petition, the Court granted the habeas petition and ordered the release of Petitioners. Dkt. No. 34. This petition for an award of attorney's fees was timely filed thereafter. Dkt. Nos. 38, 48.

[2] Two Petitioners' initial notices to appear were dismissed for failure to prosecute, and then recently re-issued after their re-detention. *See* Dkt. No. 30 ¶¶ 7, 16, 32, 34. Another two Petitioners' initial notices to appear was never properly filed, and thus never commenced. *See id*. ¶¶ 40, 57.

## II. ANALYSIS

### A. Legal Standards

A party may recover fees and costs under EAJA for claims in certain civil actions[3] brought against the United States only if (1) the party prevailed in the action, (2) the Government's position was not "substantially justified" and no special circumstances would make an award unjust, and (3) the requested fees and costs are reasonable. *See* 28 U.S.C. § 2412(b), (d); *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009). The Government bears the "burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The "position" of the Government refers to both its litigation position and the underlying agency action that gave rise to the lawsuit. *Id.* The Government must show that both its litigation position and the underlying agency action "were substantially justified in order to avoid an award of EAJA

[3] EAJA applies to "any civil action (other than cases sounding in tort) … brought by or against the United States in any court having jurisdiction of that action[.]" 28 U.S.C. § 2412(d)(1)(A). The Government argues that habeas proceedings challenging immigration detention are not "civil actions" for purpose of EAJA fees because "there is no meaningful difference between the habeas petition challenging criminal confinement"—for which no EAJA fees are available—"and the habeas petition challenging immigration detention here. Neither type of petition is unambiguously and unmistakably a 'civil action,' and attorney's fees are thus not available for either." Dkt. No. 49 at 5.

The Government's argument is inconsistent with the Supreme Court's acknowledgement that habeas proceedings are "technically 'civil'" (*Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971)) and the Ninth Circuit's holding that EAJA fees can be available in the immigration habeas context (*Nadarajah v. Holder*, 569 F.3d 906, 910–26 (9th Cir. 2009); *In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985)). The Third and Tenth Circuits have recently held that EAJA "unambiguously" encompasses challenges to immigration detention and that such proceedings are "civil actions" for purposes of EAJA. *See Michelin v. Warden*, 169 F.4th 418, 424–25 (3d Cir. 2026), *pet. for rehrn'g by panel en banc den'd*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). Other district courts in this circuit have agreed. *See, e.g.*, *Tsyamba v. Hermosillo*, No. 2:25-cv-02623-GJL, 2026 WL 2874027, at *2 (W.D. Wash. Sep. 24, 2026) (finding the "expansive meaning" of "any civil action" "readily encompasses habeas proceedings"); *Gurjinder S. v. Warden*, No. 1:26-cv-0188-TLN-CSK, 2026 WL 2110865, at *2 (E.D. Cal. July 22, 2026) ("Courts in this district have held that habeas petitions are civil actions for purposes of fee awards under the EAJA."); *S.F. v. Bostock*, No. 3:25-cv-1084-MTK, 2026 WL 1230044, at *3 (D. Or. May 5, 2026) ("The plain text of the EAJA, as well as the substance of Petitioner's remedy, establish that this [immigration habeas] case is a 'civil action' under the EAJA."). The Court thus joins these courts in concluding that sovereign immunity has been waived and that EAJA fees are available in immigration habeas proceedings.

The Court also declines to stay enforcement of this fee award pending the Supreme Court's ruling in *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (June 29, 2026). The Government requests a stay in cursory fashion, without addressing the legal standards applicable to this request. Dkt. No. 49 at 7. The Government has not met its burden to show that a stay is appropriate.

fees." *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007). "Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017) (quoting *Meier*, 727 F.3d at 870).

Here, there is no dispute that Petitioner is the prevailing party, and the Court therefore will consider the Government's arguments that its position was substantially justified.

**B. The Government's Position Is Not Substantially Justified.**

The Government contends that its litigation position was substantially justified because its detention authority was unsettled at the time that this litigation arose, and it was not clear that due process required a pre-deprivation hearing for Petitioners. Dkt. No. 49 at 8–10. The Government contends that "federal courts were divided" at the time that this case was litigated, with some courts accepting the Government's view of mandatory detention and others rejecting it. *Id*. at 9.

The Government's arguments are not persuasive. The Court's order granting the habeas petition cited authority arising from "the overwhelming majority of courts" across the country disapproving of the underlying agency action at issue here. *See* Dkt. No. 34 at 5–6. This Court has consistently applied longstanding due-process principles to reject the Government's view of its detention authority, before and since this case was decided; the Government's characterization of the "legal landscape" when this case was litigated as "unsettled" is not accurate. Dkt. No. 49 at 8.

But even if it could be argued that the Government's litigation position was substantially justified due to the lack of Ninth Circuit authority at the time, the underlying agency action was not substantially justified. The Court not only granted the joint habeas petition, but also granted preliminary injunctive relief to Benitez, finding her likely to succeed on the merits of her claim. Dkt. Nos. 28, 34. Under these circumstances, the Court does not find that the underlying agency action was substantially justified. *See, e.g.*, *Or. Nat. Res. Council v. Madigan*, 980 F.2d 1330,

1332 (9th Cir. 1992) (finding that where a court rejects the Government's underlying action as inconsistent with "clear" authority, that action is not substantially justified).

Accordingly, the Government has failed to persuade the Court that its position was substantially justified, and has not argued that any special circumstance would make an award of fees unjust. As Petitioners request reasonable fees totaling $18,583.27, the Court will grant their motion. *See* Dkt. Nos. 46, 47.

## III. CONCLUSION

For these reasons, the Court GRANTS Petitioners' motion. Dkt. No. 48. Under EAJA, Petitioners are entitled to an award of $18,583.27 in attorney's fees.

Dated this 12th day of November, 2026.

Kymberly K. Evanson
United States District Judge